### UNITED STATES of America

v.

### Donald ADAMS, Defendant.

### Cr. Nos. 99–344, 72–2213(JMF).

United States District Court,
District of Columbia.

Oct. 27, 1999.

Gregory Lawrence Poe, Federal Public Defender for D.C., Washington, DC, for Defendant.

## MEMORANDUM

FACCIOLA, United States Magistrate Judge.

At a preliminary hearing, Secret Service Officer Fulton Worrell testified that on June 10, 1999, the defendant approached one of the gates of the White House and told one of the uniformed Secret Service officers: "I want to kill the President." At the officer's request, he repeated this intention, stating again "I want to kill the President."

The defendant was arrested and charged with violating 18 U.S.C.A. § 871 which provides:

(a) Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, or knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined under this title or imprisoned not more than five years, or both.

The defendant has moved to dismiss the complaint on the grounds that his conduct did not constitute a true threat, punishable under this statute. The courts have universally held, however, that the defendant's intention or ability to carry out the threat he utters is irrelevant. The statute is violated so long as a reasonable person, hearing the threat, would consider it a serious expression of an intent to kill the President. *United States v. Miller*, 115 F.3d 361, 363 (6th Cir.), *cert. denied*, 522 U.S. 883, 118 S.Ct. 213, 139 L.Ed.2d 147 (1997); *United States v. Johnson*, 14 F.3d 766, 769 (2d Cir.), *cert. denied*, 512 U.S. 1240, 114 S.Ct. 2751, 129 L.Ed.2d 868 (1994). *See also United States v. Martin*, 163 F.3d 1212, 1216 (10th Cir.1998)( threat need not be made to victim; intention or capability to carry out threat irrelevant), *cert. denied*, —— U.S. ——, 119 S.Ct. 1791, 143 L.Ed.2d 1018 (1999). Officer Worrell specifically testified that he thought that Adams appeared to be seriously communicating an intention to kill the President and I cannot say that it was unreasonable for Worrell to deem the threat, made by a man standing literally at the President's doorstep, a serious one.

Moreover, the defendant's utterance was not made in the context of a political statement meaning that the First Amendment considerations animating the decision in *Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969) are not present here.[1] Prosecution of the defendant does not threaten in any way the nation's interest in robust debate of political issues. Absent such considerations, the government's limited burden at this stage of the proceedings was easily satisfied by testimony that a man arrived at the White House and expressed what certainly appeared to be a serious desire to kill its occupant.

---

1. *See* Note, *Threatening the President: Protected Dissenter or Potential Assassin,* 57 Geo. L.J. 553 (1969).